## VIDAL *v*. EL REGISTRADOR DE·LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Ponce.

No. 19.—Resuelto en marzo 21, 1907.

BIENES GANANCIALES—ADMINISTRADOR DE LA SOCIEDAD DE GANANCIALES.—Aunque el marido es el administrador de la sociedad de gananciales y es el que. debe, en estricto derecho, otorgar las escrituras de donación, enajenación ú obligación á título oneroso, de los bienes de dicha sociedad, y al exigirse el consentimiento expreso de la mujer para estos actos, se ha tratado sólo de poner á salvo sus intereses, es claro que los requisitos de la ley se han cumplido en la escritura de venta que pretende inscribir el recurrente, por constar el consentimiento expreso de ambos cónyuges en la enajenación, aunque en ella figure como otorgante la mujer y concurra el marido á los efectos de prestar su consentimiento, por lo que procede su inscripción.

Los hechos están expresados en la opinión.

La parte recurrente no compareció.

EL JUEZ PRESIDENTE SR. QUIÑONES emitió la opinión del tribunal.

Visto el presente recurso gubernativo interpuesto por Don Manuel J. Vidal, como mandatario verbal de Don Pedro J. Rosaly, contra resolución denegatoria del Registrador de la Propiedad de Ponce á inscribir una escritura de compraventa.

*Resultando:* que por escritura pública otorgada en Ponce, ante el abogado y notario de la misma Don Angel Acosta y Quintero, en 15 de febrero de 1906, Doña Hortensia Sepúlveda asistida de su esposo· Don Cesáreo Santiago y Hernández, y con el consentimiento expreso de·éste, vendió á Don Pedro Juan Rosaly y Capó, la tercera parte que le correspondía de una participación de dos cuerdas con 94 centésimas de otra, de una porción de terreno ·de 18 y media cuerdas, radicadas en el barrio de "Cintrona," del término municipal de Juana Díaz, la que dijo·corresponderle por compra, en unión de otro condominio más, á su convecino Don José La O. Almodóvar y Figueroa, por escritura pública inscrita en el registro

de la propiedad de la misma ciudad de Ponce; y que presentada dicha escritura en el mismo registro para su inscripción, le fué denegada por el registrador por los motivos expresados en la nota que puso al pie de dicho documento, la que, copiada literalmente, dice así:

"Denegada la inscripción del precedente documento, porque debiendo reputarse ganancial la finca enagenada, realiza su enagenación y recibe el precio la mujer, en lugar del marido, único representante y administrador de la sociedad conyugal, artículo 1322, 161 y 1327 del Código Civil, sin que baste al acto meramente pasivo del marido, que presta su consentimiento á la enagenación, para convalidar esta subversión de las funciones que á cada cónyuge asigna la ley en el orden económico de la sociedad matrimonial, y siendo insubsanable este defecto, tomo anotación por cuatro meses, al fólio 234 vuelto del tomo 43 del Ayuntamiento de Juana Díaz, finca 2,158, anotación letra "C."—Ponce, septiembre 25 de 1906."

*Resultando:* que no conforme con la resolución del registrador el presentante de la escritura, la dejó en poder de aquel funcionario para que la remitiese á esta superioridad, á fin de que por la misma se dictase la resolución correspondiente, lo que verificó el registrador con escrito, en el que expuso las razones que estimó pertinentes en apoyo de su resolución.

*Considerando:* que tanto por el antiguo como por el vigente Código Civil, el marido es el administrador de la sociedad de gananciales y de este principio se deriva la necesidad en derecho estricto de que él sea el que otorgue las escrituras de donación, eneganación ú obligación á título oneroso de los bienes de dicha sociedad.

*Considerando:* que la innovación introducida por nuestro Código Civil Revisado, se ha limitado á poner á salvo los intereses de la mujer, exigiendo su consentimiento expreso cuando se trate de los actos á que el anterior fundamento se refiere.

*Considerando:* Que en el caso de autos, aunque en forma inversa, se han llenado los requisitos que la ley exige, toda

vez que si bien figura como otorgante de la escritura de venta la mujer, esto se hace con concurrencia de su marido, que presta de modo expreso su consentimiento y que firma con ella ante el Notario el referido documento.

*Considerando:* que si el marido no hubiera tenido ninguna clase de intervención en el contrato de venta, sólo él y sus herederos podrían reclamar la nulidad del mismo, pero en el caso de autos él ha concurrido, expresando su consentimiento y firmado el documento, toda vez que no otra cosa significa que otro firmase á su ruego por no saber él escribir, y en estas condiciones habría que estudiar á su tiempo y en el orden civil el éxito que podría tener una reclamación de nulidad.

*Considerando:* que bajo el punto de vista hipotecario y en el caso en cuestión no tiene razón de ser la actitud del Registrador de la Propiedad de Ponce.

*Se revoca* la nota denegatoria puesta por el Registrador de la Propiedad de Ponce al pie de la escritura de que se trata, y se declara que dicho documento es inscribible y debe inscribirlo el registrador, para lo cual se le devolverá con copia certificada de la presente resolución y á los demás fines procedentes.

*Revocada.*

Jueces concurrentes: Sres. Hernández, Figueras y Wolf. Juez disidente: Sr. MacLeary.

VOTO DISIDENTE DEL JUEZ ASOCIADO SR. MAC LEARY.

No estoy de acuerdo con esta resolución, porque teniendo en cuenta que este documento no pudo haber sido registrado con arreglo al antíguo Código Civil, no hay nada en el artículo No. 159 del actual Código Civil que autorice su inscripción; por lo tanto, debe confirmarse la resolución tomada por el registrador.